**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN B. BYERLY, | No. 20-35046 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00229-DCN |
| v. | |
| ADA COUNTY; ADA COUNTY COURT CLERK; ADA COUNTY PUBLIC DEFENDER; ADA COUNTY COURT; STATE OF IDAHO FOURTH DISTRICT; ADA COUNTY PROSECUTOR OFFICE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Idaho state prisoner Nathan B. Byerly appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging denial of access to the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Byerly's action because Byerly failed to allege facts sufficient to state a plausible claim. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**